UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARL BONDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-00136-JCH |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Earl Bonds's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Petition, ECF No. 1.) Respondent has filed a Response (ECF No. 13), and the Petition is ready for disposition.

## BACKGROUND

On November 14, 2008, a jury in the Circuit Court of St. Louis City found Petitioner guilty of four counts of statutory sodomy in the first degree. On January 9, 2009, the trial court sentenced Petitioner to 10 years in prison on each count, to run consecutively. On February 16, 2010, the Missouri Court of Appeals upheld Petitioner's conviction and sentence on direct appeal. Petitioner moved for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. He was appointed counsel and thereafter filed an amended Rule 29.15 motion, which was denied. On May 6, 2014, the Missouri Court of Appeals affirmed the denial of post-conviction relief.

In the instant Petition, Petitioner raises the following two grounds for relief:

(1) that trial counsel was ineffective, in that counsel misinformed Petitioner regarding the range of punishment he faced, which led to his decision to not "plead[] guilty, pursuant to the State's plea offer"; and

1

(2) that trial counsel was ineffective, in that counsel failed to investigate and develop a defense to challenge part of the victim's videotaped statement.

Petitioner did not raise either of these claims in his amended Rule 29.15 motion.[1] However, he asserts ineffective assistance of post-conviction counsel as cause for his procedural default.

## DISCUSSION

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quotation and citation omitted). A section 2254 applicant's failure to raise a claim in state court results in procedural default. *See Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009) (citation omitted). To avoid defaulting on a claim, a petitioner "must have fairly presented the substance of the claim to the state courts…thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing upon the claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation and citation omitted). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (quotations and citations omitted).

"When a habeas petitioner defaults his federal claims in state court…federal habeas review of his claims is barred unless he 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Morgan v. Javois*, 744

---

[1] *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (Missouri law does not allow ineffective-assistance claim to be raised on direct appeal); *see also* Mo. Sup. Ct. R. 29.15 (Rule 29.15 provides exclusive procedure by which such person may seek relief in sentencing court for ineffective assistance of counsel).

2

F.3d 535, 538 (8th Cir. 2013) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991)), *cert. denied*, 134 S. Ct. 1882 (2014). "Cause must be something external to the petitioner, something that cannot fairly be attributed to him." *Arnold*, 675 F.3d at 1087 (quotation and citations omitted). To establish actual prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). To establish that a fundamental miscarriage of justice would result, the petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quotation and citation omitted).[2]

"[I]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). To establish such cause, the petitioner must show that post-conviction counsel's assistance was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and that his underlying claim of ineffective assistance of trial counsel is a "substantial" one. *Martinez*, 132 S. Ct. at 1318-19; *see also Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014). If the underlying claim of ineffective assistance of trial counsel is unsubstantial or non-meritorious, petitioner cannot establish that post-conviction counsel was ineffective and thus cannot show cause for default of the underlying claim. *See Martinez*, 132 S. Ct. at 1319. Likewise, if post-conviction counsel did not perform below constitutional standards, no cause is shown for default. *Id.*

---

[2] Here, Petitioner has not presented new evidence of actual innocence. Thus, he cannot show that a constitutional violation has probably resulted in the conviction of one who is innocent. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006).

3

In order to prevail on an ineffective-assistance claim, a petitioner must demonstrate that counsel's performance was constitutionally deficient, and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The petitioner must first show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 687-88. Review of counsel's performance by the Court is "highly deferential," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689, 690. The petitioner must then establish prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695.

## I.     Ground 1

In ground 1 of his Petition, Petitioner asserts that he received ineffective assistance of trial counsel, in that counsel misinformed him regarding the range of punishment he faced, which led to his decision not to accept the State's plea offer. Specifically, Petitioner alleges that trial counsel misinformed him that the minimum term of imprisonment he faced was five years. He contends that counsel should have advised him that for each count of statutory sodomy involving a child under twelve years old he faced a minimum term of imprisonment of ten years, that his sentences could run consecutively, and that he would have to serve 85% of any sentence imposed. He further alleges that, pursuant to the State's plea offer, he could have pled guilty to four counts of child molestation in the first degree and been sentenced to consecutive terms of

4

five years on each count, but that he rejected the offer because plea counsel erroneously advised him that he would have to serve 85% of that sentence if he pled guilty.

As to post-conviction counsel, Petitioner asserts that counsel was ineffective in failing to investigate and discover the claim in Ground 1 and raise it in the amended Rule 29.15 motion. Specifically, Petitioner alleges that a reasonably competent post-conviction counsel "would have seen all the letters that Petitioner had written to [trial counsel] asking that a plea agreement be reached and that he wanted to plead guilty…and naturally [would have] questioned whether [trial counsel] had attempted to speak with the Prosecutor and what had taken place."

Upon consideration, the Court concludes that post-conviction counsel's performance was not constitutionally deficient. The letters referenced by Petitioner do not discuss the details of any plea offer made by the State, and they do not raise any questions or concerns Petitioner had relating to the range of punishment he faced. In addition, in his original pro se Rule 29.15 motion, Petitioner asserted nine claims of ineffective assistance of counsel, none of which were based upon allegations that trial counsel provided incorrect information during the plea negotiation process. (ECF No. 13.11 at 6-32.) Furthermore, Petitioner does not allege that he ever discussed the claim in Ground 1 with post-conviction counsel. Thus, the letters alone would not have led a reasonable post-conviction counsel to believe that trial counsel had misinformed Petitioner regarding the range of punishment he faced.

Because Petitioner has failed to show that post-conviction counsel was ineffective, he cannot demonstrate cause for his default, and the Court cannot reach the merits of the claim in Ground 1.

**II.     Ground 2**

In Ground 2 of his Petition, Petitioner asserts that trial counsel was ineffective, in that counsel failed to investigate and develop a defense to challenge part of the victim's videotaped statement.  Specifically, Petitioner alleges that the victim had described Petitioner's genitalia as "bending to one side"; that Petitioner had told trial counsel that his genitalia "was not crooked at all"; and that a reasonably competent trial counsel "would have had a third party examine Petitioner[]" and "had them testify at trial to destroy the State's allegations."  Petitioner asserts that he raised this issue with post-conviction counsel during a telephone conversation, and that counsel was ineffective in failing to investigate the claim and raise it in the amended Rule 29.15 motion.

Upon consideration, the Court concludes that post-conviction counsel's performance was not constitutionally deficient.  As mentioned above, in his original Rule 29.15 motion, Petitioner raised nine claims of ineffective assistance of counsel.  None of the claims in Petitioner's original motion were based upon the allegations set forth in Ground 2 of the instant Petition, and even if they had been, appointed counsel does not have a duty to raise every colorable claim suggested by his client.  *See Jones v. Barnes*, 463 U.S. 745, 753 (1983).  In addition, the victim's description during the videotaped statement was very brief and general, and at trial the victim identified Petitioner and provided detailed accounts of how Petitioner had inappropriately touched him.  (ECF No. 13.2 at 70-84.)  Thus, in view of the record and the evidence against Petitioner, post-conviction counsel's decision not to raise the claim in Ground 2 was not objectively unreasonable.

Because Petitioner has failed to show that post-conviction counsel was ineffective, he cannot demonstrate cause for his default, and the Court cannot reach the merits of the claim in Ground 2.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Earl Bonds's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 8th Day of July, 2016.

/s/_Jean C. Hamilton
UNITED STATES DISTRICT JUDGE